

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

October 27, 1977

Honorable Joseph Murphy
Executive Director
Employees Retirement System of
  Texas
Box 12337, Capitol Station
Austin, Texas   78711

Opinion No. H-1079

Re:  The date on which legis-
lators elected in 1966 were
eligible to take office.

Dear Mr. Anschutz:

In order to determine the retirement benefits due certain
public servants you have requested our opinion regarding the
date on which a legislator elected at the general election in
November, 1966, first became eligible to take the oath of office.

Prior to 1966, article 3, section 4 of the Texas Constitu-
tion provided that the term of office of members of the House of
Representatives "shall be two years from the day of their
election."  In Spears v. Davis, 398 S.W.2d 921 (Tex. 1966),
the Supreme Court similarly construed article 3, section 3,
relating to the terms of senators.  The Court observed that
"the usual senatorial term" extends "four years from the day
of the general election."  398 S.W.2d at 926.  The Court noted,
however, "a clear distinction between 'term of office' and an
individual's incumbency in office," and referred approvingly to
Attorney General Opinion WW-1476 (1962), which held that a
member of the Legislature may not "qualify for office by taking
the oath" until the canvassing of the returns of the election.
398 S.W.2d at 928.

In 1966, article 8.41 of the Election Code directed that,
"[i]n all general elections for State Senator or State Representa-
tive," the returns be counted by the Secretary of State "[o]n
the Monday before the second Tuesday in January following the
election."  The statute required the Secretary of State to "im-
mediately issue a certificate of election to the person receiving
the higher number of votes."  It would appear, therefore, that a
legislator elected at the general election held on November 8,
1966, was not on that date eligible to take the oath of office,
since the Election Code then provided that his election could
not be certified prior to January 9, 1967.

p. 4417

At the general election held on November 8, 1966, Texas voters also approved amendments to sections 3 and 4 of article 3 of the Texas Constitution, so that, since 1966, both senators and representatives

> take office following their election, on
> the day set by law for the convening of
> the Regular Session of the Legislature. . . .

This amendment became effective "upon the date that the official canvass of the returns shows . . . it . . . adopted." Torres v. State, 278 S.W.2d 853, 855 (Tex. Crim. App. 1955); see Tex. Const. art. 17, § 1. See also Attorney General Opinions O-6821 (1945); O-6278 (1944); O-2841 (1940). The official canvass was required by statute to take place on November 25, 1966, the "seventeenth day after the election." Election Code arts. 8.37, 8.38. On that date, the constitutional amendment preempted article 8.41 of the Election Code, and legislators elected in November, 1966, became eligible to take the oath of office "on the day set by law for the convening of the Regular Session of the Legislature," January 10, 1967. Tex. Const. art. 3, §§ 3, 4; V.T.C.S. art. 5422. Accordingly, it is our opinion that a legislator elected at the general election in November, 1966, first became eligible to take the oath of office on January 10, 1967.

### S U M M A R Y

A legislator elected at the general election in November, 1966, first became eligible to take the oath of office on January 10, 1967.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst